FRANCIS R. SHOLOCK & others *vs.* CIVIL SERVICE
COMMISSION & another.

Suffolk.    October 8, 1964. — November 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Civil Service.    Words,* "Grade."

A "grade" within the meaning of the phrase "next lower grades" in G. L. c. 31, § 15, subsection B, is a level of authority, duties and responsibility, not a "pay grade" or "job group." [99]

It was within the discretion given to the director of civil service by G. L. c. 31, § 15, subsection B, to open a competitive promotional examination in a State department to employees of that department not only in the grade next lower than the grade of the vacant positions to be filled but also in a further lower grade, even though the number of employees in the next lower grade exceeded the number of vacancies. [99–100]

BILL IN EQUITY filed in the Superior Court on July 8, 1963.

The plaintiffs appealed from a final decree entered after hearing by *Hudson, J.*

*Joseph P. McKay* for the plaintiffs.

*Nelson I. Crowther, Jr.,* Assistant Attorney General, for the defendants.

SPALDING, J. This bill for declaratory relief seeks an interpretation of certain provisions of the civil service laws. There are two groups of plaintiffs. One is composed of principal structural engineers in the Department of Public Works; the other is composed of principal civil engineers in that department. The case was submitted on a statement of agreed facts.

The director of civil service (director) notified the qualified principal structural engineers and senior structural engineers in the Department of Public Works (department) that they would be eligible to take a competitive examination for promotion to associate structural engineer. Similarly, the director notified the qualified principal civil engineers and senior civil engineers in the department that they would be eligible to take a competitive examination for promotion to associate civil engineer.

On April 11, 1963, representatives of the plaintiffs met with the director to protest against the senior structural engineers and the senior civil engineers being allowed to take the above mentioned competitive promotional examinations. The director notified the plaintiffs that the examinations would be given in accordance with the original notice. The plaintiffs appealed this decision to the civil service commission (commission). The commission notified the plaintiffs on June 13, 1963, that it had upheld the decision of the director.

The examination for promotion to associate structural engineer (open to principal structural engineers and senior structural engineers) was held on May 18, 1963. The examination for promotion to associate civil engineer (open to principal civil engineers and senior civil engineers) was held on June 1, 1963. The plaintiffs took the examination for which they were eligible on these respective dates. The

grading of the papers of those taking these two competitive examinations has not been completed.

A controversy having arisen between the parties, the plaintiffs brought this proceeding for a declaration of their rights with respect to the following: (1) the interpretation of the word "grades" in the phrase "next lower grades" in G. L. c. 31, § 15, subsection B; and (2) to what extent, if any, may the director under § 15, subsection B, open eligibility to senior structural engineers on the examination held on May 18, 1963, for promotion to associate structural engineer, and to what extent, if any, may he open eligibility to senior civil engineers on the examination held on June 1, 1963, for promotion to associate civil engineer.

The judge entered a decree declaring that the interpretation of "grades" in § 15, subsection B, by the director and the commission was correct and that they acted in accordance with § 15, subsection B, in opening the eligibility to the senior structural engineers and to the senior civil engineers, respectively, on the promotional examinations held on May 18 and June 1. The plaintiffs appealed.

There was no error.

The director's authority to determine those eligible to take the competitive examinations under consideration is found in G. L. c. 31, § 15, subsection B, which, so far as pertinent, reads: "all promotions in the official service [with exceptions not here material] shall be made after a competitive promotional examination open in succession to all permanent employees who have been employed after certification for at least one year *in the next lower grades, as determined by the director,* in the same department or division of a department, until a sufficient number of applicants to hold a competitive examination is obtained" (emphasis supplied).

The predecessor of this provision in its original form (St. 1939, c. 506, § 2), makes it clear that the director could open the examination to grades which were not immediately below that for which the examination was being held. There it was provided that "any promotion shall be made

after a competitive promotional examination *open to the next lower grades in succession* until a sufficient number of applicants to hold a competitive examination is obtained'' (emphasis supplied).

Subsequent amendments have not altered the legislative design. By St. 1941, c. 491, the grades which could be open were limited to ''the same department, board or commission.'' By St. 1945, c. 704, § 4, those taking the promotional examination must be ''employed for at least one year in the next lower grades.'' The last amendment to the portion of § 15, subsection B, here pertinent provided that only permanent employees could take the promotional examination. St. 1952, c. 317, § 2. Throughout these amendments the phrases ''next lower grades,'' ''in succession,'' and ''until a sufficient number of applicants to hold a competitive examination is obtained'' remained unchanged.

The legislative purpose was ''[t]o secure the best qualified persons available for all positions in the state and local service, encouraging competition and offering an opportunity for all qualified persons to compete.'' See Report of the Special Commission on Taxation and Public Expenditures, 1938 House Doc. No. 1716, p. 11. This purpose would be thwarted by the interpretation of § 15, subsection B, for which the plaintiffs contend.

The plaintiffs argue that the phrase ''next lower grades'' should be interpreted as ''pay grades'' or the corresponding term ''job group.'' This we reject. The term ''grade'' does not refer to a salary classification, but rather to a level of responsibility. As provided in G. L. c. 31, § 1, ''grade'' is defined as ''a subdivision of a class, including all positions with substantially identical authority, duties and responsibility, as distinct from all other grades in that class.''

We are of opinion that the director properly opened the examinations under consideration to the senior structural engineers and senior civil engineers. Under § 15, subsection B, as we construe it, the examinations could be opened to grades other than the next lowest ''until a sufficient num-

ber of applicants to hold a competitive examination is obtained.'' The plaintiffs contend that the director cannot open other grades where the number of persons in the next lower grade exceeds (which was the case here) the number of vacancies to be filled. We disagree. The statute contains no such limitation but expressly leaves the determination of the sufficiency of the number of applicants to the discretion of the director. No abuse of discretion appears. *Barry* v. *Civil Serv. Commn.* 323 Mass. 431, 433.

*Decree affirmed.*