GRACE V. JOHNSON *vs.* COMMISSIONER OF PUBLIC SAFETY (and a companion case between the same parties).

Suffolk.    October 8, 1968. — December 24, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*State Police.    Words,* "Grade."

Under the provision of G. L. c. 22, § 9O, that one factor in promotions within the uniformed branch of the State police should be "a competitive promotional examination open to all candidates who have completed not less than one year of service in the next subordinate grade," such grade is determined by the pay grades listed in the "Job Groups" of Rule 16.1 of the Rules and Regulations for the State police, and a candidate who had completed not less than one year of service as a policewoman was eligible to take the promotional examination for the next higher pay grade of staff sergeant, although under the "order of ranks" established on August 29, 1966, in Rule 4.1 of the Rules and Regulations there were between the rank of policewoman and the rank of staff sergeant ranks in which she had not served. [98–100]

In cases in the Superior Court by a policewoman in the uniformed branch of the State police to establish her right to be promoted to the position of staff sergeant by the respondent Commissioner of Public Safety under the provision of G. L. c. 22, § 9O, that appointment "to a vacancy occurring in any grade shall be made from the top three candidates on the appropriate list who are eligible for promotion," the record did not support the trial judge's findings and rulings that the respondent had discriminated against the petitioner solely because of her sex and had committed an unlawful employment practice where it appeared that, while the petitioner was one of the top three candidates on the promotion list for the grade of staff sergeant, the only persons promoted to vacancies in that grade had been the two candidates higher on the list than the petitioner, and it did not appear that those two were not qualified. [100]

Under the provisions of G. L. c. 22, § 9O, that lists published by the Commissioner of Public Safety of members of the uniformed branch of the State police who are eligible for promotion to a specified grade "shall remain valid for a period of two years from the date of publication," and of § 9R that the commissioner shall include in the Rules and Regulations of the Department of Public Safety "the time within which vacancies shall be filled," and of Rule 14.13 that vacancies "shall be filled . . . no later than sixty days" after a promotion list

has been published, it was held that a vacancy must be filled within sixty days after the publication of a promotion list if the vacancy occurs prior to the publication thereof, or within sixty days after the occurrence of the vacancy if it occurs within two years after the publication of the list. [101–102]

In cases in the Superior Court by a policewoman in the uniformed branch of the State police whose name was on a list for promotion to the grade of staff sergeant published by the respondent Commissioner of Public Safety and who was eligible for promotion to that grade for a period of two years from the date of publication under G. L. c. 22, § 9O, it was held that, if it should appear that while she was still so eligible her name became the sole name on the promotion list at a time when a vacancy existed in the grade of staff sergeant, she would be entitled under § 9R and Rule 14.13 of the Rules and Regulations for the State police to be promoted to the grade of staff sergeant within sixty days thereafter [102]; Cutter, J., with whom Whittemore, J., joined, dissenting.

In cases in the Superior Court by a policewoman in the uniformed branch of the State police eligible for promotion to the grade of staff sergeant, to establish her right to have the respondent Commissioner of Public Safety appoint her to a vacancy existing in such grade, where the trial judge found that the duties of a staff sergeant "range from the general command of various Troop Headquarters to such specialized fields as criminal investigation, photography and ballistics" and that the petitioner was qualified to perform some if not all of such duties, a contention of the respondent that the petitioner was not qualified to perform the duties of staff sergeant was without merit. [102–103]

PETITION for a writ of mandamus and BILL IN EQUITY filed in the Superior Court on May 12, 1967.

The cases were heard by *Sullivan,* J.

*Richard E. Mastrangelo,* Assistant Attorney General, for the Commissioner of Public Safety.

*Lewis H. Weinstein (Judith L. Olans* with him) for Grace V. Johnson.

SPIEGEL, J.   These two cases were consolidated for trial in the Superior Court and are here on a consolidated appeal. One is a petition for a writ of mandamus and the other is a bill in equity for declaratory and injunctive relief. Grace V. Johnson will be referred to as the petitioner, and the Commissioner will be referred to as the respondent. The petitioner seeks to determine her right to take a promotional examination to the rank of staff sergeant in the uniformed branch of the State police and to be promoted from her present position of policewoman to the position of staff sergeant.

An interlocutory decree was entered requiring the respondent to permit the petitioner to take the promotional examination. In the mandamus action the trial judge ordered "that mandamus issue compelling respondent properly to perform his duty to administer the law in a non-discriminatory manner, and to promote petitioner to a vacancy in the position of staff sergeant if she should pass the promotional examination." In the equity suit a final decree was entered in which it was "declared, ordered, adjudged and decreed that respondent may not discriminate against petitioner because of her sex; that a policewoman such as petitioner in the pay grade of Sergeant may be promoted to the next higher grade of Staff Sergeant; that respondent is under a duty to take all necessary steps to ensure that petitioner's examination, written and oral, is graded with impartiality and free of discrimination; that respondent is under a duty to promote petitioner to a vacancy in the position of Staff Sergeant if she should pass the promotional examination . . . ." The respondent appealed from the order in the mandamus case and from the final decree in the equity suit. The judge made findings of fact and rulings of law. The evidence is reported.

We summarize the pertinent findings. Since May 22, 1956, the petitioner has been a member of the uniformed branch of the State police with the rank of policewoman at the pay scale of special officer sergeant. Her duties are primarily in the field of criminal investigation, particularly of offences involving women and children. Her performance of these duties has always been exemplary.

On February 28, 1967, pursuant to the provisions of G. L. c. 22, § 9O, as inserted by St. 1965, c. 785, § 2, notice of the first written examination for promotion to all ranks within the uniformed branch was announced. The petitioner seasonably applied for the examination for promotion to the position of technical sergeant. Her application was received on March 10, 1967. On April 4, 1967, the respondent issued a departmental bulletin which, inter alia, abolished the rank of technical sergeant and incorporated it

within the rank of staff sergeant. The petitioner's application was rejected on April 12, 1967. She was permitted to take the written portion of the examination for promotion to staff sergeant pursuant to the interlocutory decree entered on May 19, 1967.

Prior to August 29, 1966, Rule 4.1 of the "Rules and Regulations for the Government of the Massachusetts State Police — Uniformed Branch" (hereinafter referred to as Rules and Regulations) established in pertinent part the following "order of ranks" within the uniformed branch: "Staff Sergeant, Technical Sergeant, Detective Sergeant, Sergeant, Special Officer Sergeant, Policewoman, Corporal, Trooper." On August 29, 1966, a new Rule 4.1 was promulgated. It established in pertinent part the following "order of ranks": "Staff Sergeant, Technical Sergeant, Detective Sergeant; Sergeant, Special Officer Sergeant; Corporal; Trooper; Policewoman." Rule 16.1 of the Rules and Regulations defines "promotions" as a "change from duties of one rank to the duties of a higher rank, which shall involve a change in salary to the rates of a higher rank." Rule 16.1 establishes in pertinent part the following pay scale for the ranks and grades:

| *"Job Group* | *Rank* |
|---|---|
| 15 | S.P. Staff Sergeant |
| 15 | S.P. Technical Sergeant |
| 15 | S.P. Detective Sergeant |
| 14 | S.P. Sergeant |
| 14 | S.P. Special Officer Sergeant |
| 14 | S.P. Policewoman |
| 13 | S.P. Corporal |
| 12 | S.P. Trooper" |

The duties of a staff sergeant range from the "general command of various Troop Headquarters to such specialized fields as criminal investigation, photography and ballistics." More than thirty staff sergeants are within these and related fields. The functions of a staff sergeant are "within the

area of petitioner's training and demonstrated competence" and there is a "special need for police officers who are women" to specialize in matters affecting women and children in the investigation of certain criminal matters.

The judge made the following rulings. Under the Rules and Regulations the only position to which the petitioner can be promoted in the uniformed branch is that of staff sergeant. The promotion of the petitioner to the position of trooper or corporal would be in violation of the Rules and Regulations because the pay grades for those positions are lower than her present pay grade. The petitioner "fully satisfies any and all of the eligibility requirements for the examination and for promotion to the position of staff sergeant." The "particular skills, talents and propensities" of policewomen should be made available to the public. The respondent's actions discriminate against the petitioner because of her sex and are an unlawful employment practice within G. L. c. 151B, § 4 (1),[1] as amended. The respondent has acted "arbitrarily, unreasonably, and indeed capriciously" in rejecting the petitioner's application on April 12, 1967.

The parties have stipulated the following facts which occurred subsequent to the entry of the final decree. Having taken the written portion of the examination for promotion to the position of staff sergeant pursuant to the interlocutory decree, the petitioner took the oral portion of the examination. On October 31, 1967, the respondent issued an eligibility list for promotion to that position. The petitioner's name was the fortieth on the list. As a result of promotions and at least one retirement, the petitioner's name is the only one remaining on that list.

1. The respondent contends that the petitioner was ineligible to take the promotional examination because she

---

[1] "It shall be an unlawful practice: 1. [as amended through St. 1965, c. 397, § 4] For an employer . . . because of the . . . sex . . . of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification."

had not "completed not less than one year of service in the next subordinate grade prior to the final date of filing the application" as required by G. L. c. 22, § 9O. The respondent argues that the "next subordinate grade" is determined by the "order of ranks and grades" set forth by Rule 4.1 and not the "schedule of Job Groups" set forth by Rule 16.1. The respondent directs our attention to the language of Rule 16.1 and G. L. c. 22, § 9O, and to our decision in *Sholock* v. *Civil Serv. Commn.* 348 Mass. 96, 99. The petitioner, however, contends that the word "grade" in c. 22 refers to the "scale of pay grades" set forth by Rule 16.1 and points to an opinion of the Attorney General solicited by the respondent to that effect. See Rep. A. G., Pub. Doc. No. 12, 1966, p. 386.

In *Sholock* v. *Civil Serv. Commn., supra,* p. 99, we were confronted with a different statute, one which defined "grade" to be "a subdivision of a class, including all positions with substantially identical authority, duties and responsibility as distinct from all other grades in that class." G. L. c. 31, § 1, as amended. Chapter 22 does not contain a similar definition of the term. Furthermore, the application of the interpretation urged by the respondent to the Rules and Regulations as they stood when §§ 9O to 9R were enacted would lead to the following results: a sergeant in pay group 14 would be required to take and pass examinations for detective sergeant, technical sergeant and staff sergeant before being eligible to take the examination for promotion to lieutenant in pay group 16; a trooper would be required to spend one year as a policewoman before being eligible for the examination for promotion to special officer sergeant. "Such a result might fairly be characterized as absurd, and an intention to accomplish this absurd result, unless clearly required by the language of the statute, is not to be attributed to the Legislature." *Curran, petitioner,* 314 Mass. 91, 95. In addition, G. L. c. 30, § 46 (7), (8), indicates that the Legislature wished to prevent the possibility of a promotion resulting in a salary decrease. We think that the Legislature intended that the list of

Johnson *v.* Commissioner of Public Safety.

pay grades in Rule 16.1 determines the "next subordinate grade." The petitioner, having "completed not less than one year" as a policewoman was eligible to take the promotional examination for the grade of staff sergeant.

2. The petitioner contends that the failure of the respondent to promote her to the grade of staff sergeant constitutes discrimination against her solely because of her sex and therefore violates the Fourteenth Amendment to the Constitution of the United States and the Massachusetts Fair Labor Practices Act, G. L. c. 151B, § 4 (1), as amended. We disagree. We find nothing in the record to support the trial judge's findings and rulings in this regard. General Laws c. 22, § 9O, requires the respondent to make an appointment to a vacancy "from the top three candidates on the appropriate list who are eligible for promotion." Candidates are listed according to their scores on the examination, performance evaluation reports, an oral interview and longevity. G. L. c. 22, § 9O. There were originally forty-one names on the promotion list for staff sergeant. The person who was number forty-one on the list retired, and then the petitioner was the last one on the list. It appears that only two persons were promoted while the petitioner was one of the top three candidates for promotion, both of whom were higher on the list than the petitioner. There is nothing in the record to indicate that the individuals who were promoted to fill the two vacancies were not qualified. There was no discrimination.

3. The respondent argues that the failure to promote the petitioner is but the exercise of his discretionary power granted by the Legislature in G. L. c. 22, § 9O. However, it appears to us that the purpose of §§ 9O–9R was to restrict his discretion. Prior to their enactment there were no statutory standards for promotion within the uniformed branch of the State police. When the Legislature submitted to the Governor the measure which eventually became §§ 9O–9R, the Governor returned it to the Legislature for amendment, stating that "[a] carefully drawn bill, which would provide for promotions based on merit,

and having proper safeguards for the rights of the members of the force, is urgently needed." 1965 House Journal, pp. 2305–2306.

The Governor also reported to the Legislature that he had been "advised by the Commissioner of Public Safety that the bill is deficient in a number of respects" in that "(a) it has no provision fixing the duration of any list established as the result of an examination; (b) there is no provision for an appeal by an aggrieved candidate; (c) there is no provision for promotion in the specialized services such as Ballistics, Photography and Fingerprinting, Communications, Supply and Public Relations . . . ." 1965 House Journal, pp. 2305–2306. Amendments were subsequently adopted rectifying the first two deficiencies. What became § 9O was amended to provide that promotion lists "shall remain valid for a period of two years from the date of [their] publication." What is now § 9R was inserted and provided that the "commissioner shall include in the rules and regulations of the department the procedure affording the right of appeal and the time within which vacancies shall be filled." 1965 House Journal, pp. 2516–2518. No provision was made to rectify the third deficiency.

Rule 14.13 of the Rules and Regulations established by the respondent provides that vacancies "shall be filled . . . no later than sixty days . . . after a final departmental order has been issued listing officers eligible for promotion." Rule 14.13 does not literally provide for the situation where a vacancy occurs after a promotion list has been established. However, by providing that promotion lists remain valid for two years, see § 9O, we are of opinion that the Legislature intended a procedure whereby a promotion list is available from which to fill other occurring vacancies, and not one where a promotion list is established only to fill one or more preëxisting vacancies and then becomes void.[2] We believe that § 9R and Rule 14.13 require that a vacancy

---

[2] Compare G. L. c. 31, § 20: "No [promotional] examination shall be held until there are at least four applicants for appointment or promotion for one existing vacancy . . . ."

must be filled within sixty days after the publication of the promotion list if the vacancy occurred prior to the publication of the list or within sixty days after the occurrence of the vacancy if it occurs within two years after the publication of the list and if any names remain on the list.

In addition to the findings and stipulation there is annexed to the petitioner's brief an affidavit dated August 19, 1968. In view of the fact that the petitioner was permitted to complete the promotion procedure subsequent to the entry of the final decree we have examined the affidavit. She states therein matters which were not included in the stipulation. She states that on April 5, 1968, the respondent promoted the four persons whose names were immediately above the petitioner's name on the promotion list; that her name was then the sole name remaining on the list; that several vacancies then remained; and that on June 19, 1968, the respondent established a new promotion list for the position of staff sergeant and the petitioner's name was not on that list.

The promotion list containing the petitioner's name was established on October 31, 1967. She is therefore eligible for promotion until October 31, 1969, and entitled to be on the effective promotion list until that date. If the petitioner's affidavit is correct in that a vacancy existed when her name became the only name appearing on a valid promotion list on April 5, 1968, she was entitled to be promoted to the rank of staff sergeant within sixty days thereafter.

The respondent contends, despite the determination that she is eligible for promotion to the rank of staff sergeant, that the petitioner is not qualified to perform the duties of that rank. The trial judge found that the duties of a staff sergeant "range from the general command of various Troop Headquarters to such specialized fields as criminal investigation, photography and ballistics" and that the petitioner is qualified to perform some if not all of these duties. When §§ 9O–9R were enacted the Legislature was aware that specialties existed within the uniformed branch. The Legislature nevertheless may have determined

that it was within the respondent's power to remedy the situation and that no additional legislation was required. As the Rules and Regulations now stand, the respondent is required to fill a vacancy within sixty days.

4. We are of opinion that these cases ought to stand for further hearing to determine the facts alleged in the petitioner's affidavit. In the mandamus case the order for judgment is reversed and in the suit in equity the final decree is reversed, and the cases are remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

CUTTER, J., with whom WHITTEMORE, J., joined, dissenting.

1. I concur in parts 1 and 2 of the opinion.

2. I cannot join in the statement in part 3 of the opinion that the petitioner (if her affidavit correctly states that a vacancy existed on April 5, 1968, when her name had become the only name appearing on a valid promotion list) was entitled to be promoted to staff sergeant within sixty days. Such a principle would force the commissioner to appoint the fortieth name on an old promotion list without being afforded any choice among three names as contemplated by the statute.

General Laws c. 22, § 9O, inserted by St. 1965, c. 785, § 2, makes plain that promotion lists "shall remain valid for . . . two years from . . . publication." As I read § 9O, however, the same paragraph of the section gives to the commissioner for each promotion a choice among the top three persons on the promotion list. This view I rest upon the provision, "Appointment to a vacancy occurring in any grade shall be made from the top three candidates on the appropriate list who are eligible for promotion." The quoted language strongly implies that, if less than three names remain on a promotion list, the commissioner may promulgate a new list, retaining also, for the balance of the two year period, the remaining names on the old list. The petitioner could have no just ground for complaint if placed at the top of the new list.

Because § 90 regulates promotion procedures less completely than would have been desirable, this appears to be a matter with which the commissioner may deal by a regulation consistent with § 90. See G. L. c. 22, § 9A, as amended through St. 1965, c. 785, § 1, and c. 22, § 9R, inserted by St. 1965, c. 785, § 2. This view would afford to the commissioner discretion of the general type recognized in *Sholock* v. *Civil Serv. Commn.* 348 Mass. 96, 99–100, although, of course, in that case different statutes were involved.

Perhaps, also, the difficulty upon which I comment may be cured by the commissioner's modification of Rule 14.13[1] so that vacancies occurring after a promotion list has been established need not be filled within sixty days after they occur if less than three names then remain on any outstanding promotion list or lists. This would afford to the commissioner time to establish a new or additional promotion list before proceeding to fill such a vacancy. The form of the present regulation does not appear to be required by § 9R.

---

[1] Similarly, if the failure to promote the petitioner rests upon some reluctance to advance her to a position potentially involving command functions, perhaps revision of the regulations could permit the designation of certain staff sergeants as having only specialist or technical functions without command responsibilities.