SAMUEL M. LOPIANO *vs.* CIVIL SERVICE COMMISSION & others.

Essex. January 6, 1972. — February 7, 1972.

Present: CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Civil Service.*

A civil service examination for promotion to the position of captain in a police department did not violate G. L. c. 31, § 20, in that the examination was opened to sergeants as well as lieutenants although there had been no official determination that less than the four eligible lieutenants would apply. [83–84]

PETITION for a writ of certiorari filed in the Superior Court on December 2, 1970.

The case was heard by *Thompson, J.*

*Salvatore J. Basile (Stephen F. LoPiano, Jr.,* with him) for the petitioner.

*Charles M. Furcolo,* Deputy Assistant Attorney General (*Walter H. Mayo, III,* Assistant Attorney General, with him) for the respondents.

*Max Nicholson* for Josephy Tylus & another, amici curiae.

BRAUCHER, J.   This is a petition for a writ of certiorari brought against the Civil Service Commission (the commission) to quash a decision establishing an eligible list for promotion to police captain in the city of Lawrence. The petitioner, a police lieutenant in the city, appeals from an order of a judge of the Superior Court sustaining a demurrer to the petition without leave to amend. Counsel for the two police officers whose names appear at the top of the eligible list established by the commission filed a helpful brief and participated in the argument as a friend of the court.

We summarize the facts stated in the petition.   On March 6, 1970, the director of the commission issued a poster advertising a competitive examination for the position of police captain in the Lawrence police department, open to "Police Lieutenants and Police Sergeants." Applications were to be received not later than April 6; the examination was to be held on April 25, 1970.  Four liteutenants, including the petitioner, were eligible to take the examination.   Three lieutenants, including the petitioner and four sergeants took it.   After the grades had been reviewed and revised by the director, the petitioner was fifth on a list of six.   The petitioner appealed to the commission on his marks and on the propriety of opening the examination to sergeants when four lieutenants were eligible to take it.   The appeal was denied on both grounds.

The applicable statute is G. L. c. 31, § 20, as appearing in St. 1969, c. 196.   We quote the provisions governing this case: "No promotional examination shall be held for fewer than four examinees unless the examination is open to all the lower grades under provisions of this section.   Eligibility for entrance to a promotional examination for any grade of service shall be limited to permanent employees in the next lower grade, but if the number of persons in such lower grade applying, or if the number of applicants presenting themselves for examination, is not sufficient to hold an examination, the examination shall be thrown open to the next lower grades in

succession until at least the necessary number of persons have applied and have presented themselves for examination."

The petitioner contends that the examination could not be opened to sergeants until there was an official determination that less than all of the four eligible lieutenants would apply, that the poster was therefore improper, since it anticipated that less than four lieutenants might apply, and that it may have deterred one of the lieutenants from applying. The proper procedure, he argues, would be to advertise the examination for lieutenants only; if less than four applied, it could then be rescheduled.

We think the procedure proposed by the petitioner would be unduly cumbersome and is not required by the statute. The form of the poster is not prescribed by the statute, and the director may properly make sensible advance arrangements to deal with the contingencies which may arise at the critical times under the statute: when the time for receiving applications expires and when applicants present themselves for examination. See G. L. c. 31, § 2A (d), as amended through St. 1968, c. 469; *Younie* v. *Director of Div. of Unemployment Compensation,* 306 Mass. 567, 571–572; *Sholock* v. *Civil Serv. Commn.* 348 Mass. 96, 99–100. In fact only three lieutenants applied and only three presented themselves for examination. The examination was therefore properly thrown open to the next lower grade of sergeant; and since at least four lieutenants and sergeants applied and presented themselves for examination the requirements of the statute were met.

*Order affirmed.*