MacDonald, D. Lloyd, J.
This supplements the Court’s memoranda and orders of June 30,2005 CJune 30th Ordef) and of July 8, 2005 (‘July 8th Ordef) in the matter of Cindy A. Doty v. Commonwealth of Massachusetts, Department of State Police, By its Employee and Agent, Thomas Robbins, Suffolk Superior Court Civil Action No. 05-2613-E (the “Doty case”). The Plaintiff Cindy A. Do1y (“Sergeant Doty” or “Doty") filed a motion for reconsideration of the July 8th Order and submitted new documents to address an issue that was material to the rationale of the Court’s July 8th Order.
On August 5,2005 a case raising similar issues and also seeking injunctive relief was filed. Dennis Marks et al v. Commonwealth of Massachusetts, Department of State Police, by its Employee and Agent, Thomas Robbins, Suffolk Civil Action No. 05-3355-B (the “Marks litigation” and the plaintiffs therein, the “Marks plaintiffs”). This Court ordered that the cases be consolidated because of the related issues.[1]
On August 25, 2005 a combined hearing was held on Doty’s motion for reconsideration and the Marks’ plaintiffs’ motion for a preliminary injunction.
For the reasons stated below, upon reconsideration of its July 8th Order, the Court vacates the July 8th Order and ALLOWS Doty’s motion for a preliminary injunction. The Court DENIES the Marks plaintiffs’ motion for a preliminary injunction because the Court concludes that their circumstances are materially different from those presented in the Doly case.
FACTUAL BACKGROUND
The Court’s recitation of the facts in the June 30th Order is incorporated herein. However, to briefly recapitulate, Doty is a 20-year veteran of the Massachusetts State Police (“State Police”), and she currently holds the rank of Sergeant. All promotions at the State Police through the rank of captain are governed by a competitive examination and ranking process governed by G.L.c. 22C, §26. The process results in approved lists of candidates from which appointments are made by the State Police Colonel. In 2001 Doty and the Marks plaintiffs took the exam for promotion to lieutenant, and thereafter (following the application of the additional criteria prescribed by c. 26C, §26, i.e., seniority, veteran status and personal interview), Doty was ranked 110 on the 2001 list for promotion to lieutenant (the “2001 List”). The Marks Defendants were at 111, 112, 114, 115, 117, 118, 119 and 121.
In the ensuing years, promotions were made from the 2001 List, and by mid-2004 Doty’s and the Marks plaintiffs’ numbers were approaching. However, in mid-2004 pursuant to Chapter 116 of the Acts of2004 the definition of “veteran,” as it appeared in G.L.c. 4, §7, Clause Forty-Third, was amended. It is that statutory definition that determines State Police troopers’ eligibility for an extra two points to be added to their *2 promotional examination scores by the veteran’s preference proviso of G.L. 22C, §26.
After an advisory was received from the Chief of the Human Resources Division of the Commonwealth that the veterans amendment would apply to persons on the then-current state civil service lists, the personnel department of the State Police chose to do the same with regard to the sergeant troopers on the 2001 List. As a result, the relative ranking of certain individuals on the 2001 List was changed, and a new list resulted (the “2004 List”). Do1y was one of those whose rankings changed: She fell from 110 on the 2001 List to 112 on the 2004 List. The Marks plaintiffs each fell at least two places.[2] This occurred on account of the fact that the sergeants at numbers 122 and 126 on the 2001 List qualified for the new veteran status. Thus, they received two additional points on their promotional examination scores and moved up on the 2004 List to numbers 104 and 105.
Thereafter, promotional appointments to lieutenant were made from the 2004 List, including the sergeants at 104 and 105 (who, as noted above, had been at 122 and 126 on the 2001 List). And on June 7, 2005 the trooper at 110 (Doty’s former number) was appointed.
However, on June 10, 2005 the personnel department at the State Police announced a new lieutenants promotional list (the “2005 List”). It resulted from a new lieutenants exam that had been administered in early 2005. Whereas Doty prior to June 10th was number 2 on the 2004 List, as of that point (June 10th, with a new list having been promulgated) she was 125 on the 2005 List.
Sergeant Doly then filed this action, claiming that the alteration of the 2001 List in 2004 was an unlawful retroactive application of the 2004 veteran legislation to her prejudice. Sentry Fed. Sav. Bank v. Co-Operative Cent Bank, 406 Mass. 412, 414 (1990). But for the 2004 change of her rank order on the 2001 List, Doty asserts that she would have been appointed a lieutenant. The Attorney General did not challenge the accuracy of Doty’s representation in that regard, and for purposes of this opinion I assume it to be true.
The Marks plaintiffs also seek an injunction enjoining the Colonel of the State Police from appointing any further lieutenants until they (the Marks plaintiffs) are appointed. They base their claim on the same argument advanced by Doty, namely, that the retroactive application of the 2004 veterans amendment to revise the 2001 List was unlawful. The injunctive relief they seek is directed to remedying the inequity of the two troopers who had been lower than them on the 2001 List, i.e., at 122 and 126, having been appointed because of their statutorily revised veterans status.
LEGAL PRINCIPLES AND DISCUSSION
The legal discussion in the Court’s June 30th and July 8th Orders will not be repeated here except to note that the core issue is whether the State Police personnel department’s revision of the 2001 List by applying the 2004 veterans amendment “adversely affected” “vested substantive rights" of the plaintiffs. Haran v. Board of Registration in Medicine, 398 Mass. 571, 574 (1986).[3] Sergeant Doty submitted, as the Marks plaintiffs have in their papers, that historically all appointments at the State Police above the rank of trooper have been made strictly according to the rank order of the promotion lists generated pursuant to the G.L.c. 22C, §26. The only exceptions have been in circumstances of mistake, death, incapacitation, termination or retirement of persons on such lists. The Attorney General acknowledged this historical practice.
Notwithstanding the consistency of the practice, the Court in its July 8th Order denied Sergeant Doty’s request for an injunction because of the last sentence of G.L.c. 22C, §26. The sentence reads, “Any promotion to a vacancy occurring in any title for which an examination is conducted in accordance with the provisions of this section shall be made from the first three members of such list who is [sic] eligible for such promotion and is [sic] willing to accept such promotion” (emphasis added). The Court noted: “[W]hile it thus appears that Sergeant Doty had a reasonable expectation that the Colonel would continue to [appoint sequentially from the list without varying from the rank order], the Colonel’s statutory discretion to reach down beyond her number on the promotional list undermines the vested nature of her entitlement to appointment for purposes of the retroactivity analysis that underlies the resolution of the issue before me.” See Johnson v. Commissioner of Public Safety, 355 Mass. 94, 100 and 103 (1968).
Sergeant Doty’s Submission in Support of Reconsideration
The Attorney General objects to the Court reconsidering its July 8th Order on account of Doty’s alleged failure to comply with the requirements of Mass.R.Civ.P. 59(e) and 60(b). However, those rules pertain to relief from final judgments and final orders, the effect of which is to terminate the subject litigation. James W. Smith and Hiller B. Zobel, Rules Practice §60.3, at 470 (2002). The Court is unaware of any bar to a party’s seeking reconsideration of an interlocutory order on the basis of new information material to a matter at issue in the order. Accordingly, I find Sergeant Doty’s submission appropriate and timely.
As to the merits: Following the Court’s July 8th Order, Doty enlarged the record by including with her motion for reconsideration excerpts of the Department’s affirmative action plan for July 1, 2000-June 30, 2002 (the “Plan”). The Plan was filed pursuant to the mandatory provisions of G.L.c. 22C, §23. The latter statute includes the requirement for an annual report as to the Department’s “efforts ... to increase the promotional opportunities for said qualified women and minority candidates within said de *3 partment . . .” The Plan states without qualification: “As vacancies occur [in the upper ranks], minority and female employees are appointed according to their order on the eligibility list.”
Further, Doty’s counsel filed with the Court briefs (“Position Statements”) submitted by the Department in two proceedings before the Massachusetts Commission Against Discrimination (MCAD) wherein as part of the Department’s defense against allegations of gender discrimination, the Department informed the Commission that the Colonel “has virtually no discretion in determining who may be promoted” and that “with the exception of officers under disciplinary sanctions, promotions have always been made in the order that the officers have appeared on [the promotional] lists.”[4]
In the Court’s judgment these submissions materially change the Rule 65 calculus as to the likelihood of Sergeant Doty prevailing on the merits once her complaint goes to trial. That is because, in conjunction with the evidence earlier submitted with respect to the consistent historical practice of the Colonel to appoint strictly from the rank order on the promotion lists, the new evidence as to the Department’s Affirmative Action Plan and its official statements of position to the quasi-judicial MCAD reflects the Department’s binding commitment to refrain from exercising the discretion that the Colonel otherwise possessed pursuant to the final sentence of G.L.c. 22C, §26. Instead, the Colonel is bound to promote exclusively on the basis of the lists’ rank order. As a result, Sergeant Doty had a vested interest in her position as number 110 on the 2001 list.[5] Accordingly, it is likely that a court will ultimately rule in Sergeant Doty’s favor that her displacement from number 110 on the 2001 List by the retroactive application of the 2004 veterans amendment was unlawful.[6]
The Marks Plaintiffs’ Position
The Marks plaintiffs share with Sergeant Doty the circumstance of having their respective numbers on the 2001 List changed on account of the application to it of the 2004 veterans amendment. However, the harm to the Marks plaintiffs from such action was limited to the fact that two troopers who had been further down the list than they advanced beyond them and were appointed to the rank of lieutenant. Unlike Sergeant Doty, none of the Marks plaintiffs inhabited a number on the 2001 List that would have resulted in an appointment before the list expired. Boiled down to basics, the Marks plaintiffs’ position is that since two persons lower on the list were appointed, the Court should remedy the inequity by ordering their appointment, as well.
There are two problems with the Marks plaintiffs’ position. First and most fundamentally, it ignores the compelling interest that the State Police command staff (and the larger Massachusetts public) has in appointments being made from lists that reasonably reflect the best law enforcement talent that exists within the Department at a given time. That portion of Colonel Robbins’ affidavit quoted in the Court’s June 30th Order to the effect that “[n]ew eligibility lists for promotions give all interested candidates a fair opportunity for promotion and allow the Department to consider fresh information about their abilities” gave expression to this interest. Once it is determined by the State Police command staff that a new list is appropriate and troopers comprising the new talent pool assume their respective places on such a list pursuant to the statutory process, the public interest would be disserved if appointments are thereafter made from a prior list which (by definition) is out of date at that juncture.
The second problem with the remedy that the Marks plaintiffs seek flows directly from the first problem just described. For the reasons stated earlier in this opinion, the Court concludes that it was error for the two sergeants at numbers 122 and 126 on the 2001 List to have been given the benefit of the 2004 veterans amendment to the detriment of the two persons (one of whom was Sergeant Doty) who ought to have been appointed to the position of lieutenant rather than them before the 2001 List expired. If the Court were now to require via injunction the appointment of the eight troopers who comprise the Marks plaintiffs, that action would only compound the original error. In doing so, it would commensurately disserve the public interest to have all State Police appointments made in the order of the most qualified officers as reflected on the then-current lists.[7]
For the foregoing reasons I issue the following order.
ORDER
The Plaintiff Cindy A. Doty’s motion for a preliminary injunction is ALLOWED. The Defendant is enjoined from making any further appointments to the rank of Lieutenant until such time as Cindy A. Doty is so appointed. Upon such appointment the Defendants are ordered to provide Cindy A. Doty such back pay and benefits to which she would have been entitled had she been appointed Lieutenant on June 7, 2005.
The motion for a preliminary injunction of the Plaintiffs Dennis Marks, Jeffrey Joachim, Lorraine Busconi-Cambria, Kerry McHugh, Dermot Moriarty, James Plath, Richard Eubanks and Steven Delnegro is DENIED.

 As a result of the consolidation order, the Doty case was re-designated a “B” Session case for future proceedings along with the Marks litigation pending there.

 Because the person at 135 on the 2001 List advanced to 118 on the 2004 List due to the veterans amendment, four of the Marks plaintiffs lost three places on the 2004 List.

 On the injury element for injunctive relief pursuant to Rule 65, the June 30th Order concluded that Sergeant Doty’s loss of her place on the 2001 List and the resulting appointment of someone else at number 110 to lieutenant and the foreclosure, for all practical purposes, thereby of her opportunity to compete timely for appointment to captain com *4 prised harm that was “tangible and, in substance, irreparable.” I reaffirm that conclusion and apply it, as well, to the Marks plaintiffs although, as will be discussed below, their position in other respects is materially different from Doty’s.

 Rosemarie Murphy v. Massachusetts State Police et al., MCAD Docket No. 02 BEM-01935, and Paula Loud v. Massachusetts State Police et al., MCAD Docket No. 02 BEM-01938 (September 22, 2003).

It is this binding feature with regard to State Police appointments that distinguishes the cases cited by the Attorney General for the proposition that no vested interest inheres in public employees’ ranks on non-State Police civil service promotion lists. See, e.g., Callanan v. Personnel Administrator for the Commonwealth, 400 Mass. 597, 600-01 (1987), and Davis v. Personnel Administrator of the Department of Personnel Administration, 27 Mass.App.Ct. 1113, 1115 (1989) (“the statutory civil service scheme ... gives the administrator wide discretion in administering the lists”). And the Attorney General acknowledged that State Police promotions “are not governed by the same civil service laws.” Footnote 1 in the Defendant’s opposition brief to the Marks plaintiffs’ motion for preliminary injunction.

 While it is not necessary to the Court’s conclusion, an additional factor supporting Sergeant Doty’s vested interest in her place at number 110 on the 2001 List is that she is a female, and females were recognized in the Affirmative Action Plan as an underrepresented class for the Department’s remedial attention. The Plan recites that females were “underutilized” at the Sergeant level by 38.3% and at the superior officer (“professional") level by 49.6%. Thus, the departure from the Department’s articulated policy to her detriment logically requires particular scrutiny.

 Counsel for Doty and the Marks plaintiffs also made a statutory construction-based argument in addition to the retroactive injury argument. They submitted that the second-to-last sentence of G.L.c. 22C, §26, in which it is provided that “each such eligible list shall continue to be used by said colonel for promotions until a new eligible list shall have been established,” by its plain meaning prohibited revision of the 2001 List without the formalities (by statute and regulation) having been followed beforehand, i.e., formal announcement, new examination, personal interviews and expiration of the appeal period. Only if the latter procedures are followed, the Plaintiffs submit, can there be an “eligible list” from which appointments are lawfully made. There is force to that argument, but the Court chooses to rest its decision on the retroactivity/vested rights analysis above.