MacDonald, D. Lloyd, J.
Before the Court is the Defendant’s motion for reconsideration of the Court’s August 31, 2005 preliminary injunction (the “August 31st Order” or the “Order”) (20 Mass. L. Rptr. 1). The August 31st Order was issued to remedy what the Court determined after three hearings and substantial (and substantively impressive) briefing by both parties was the Plaintiffs unlawful denial of appointment to lieutenant. The Plaintiff Cindy Doty (“Plaintiff’ or “Sergeant Doty”) is a sergeant with the Defendant Massachusetts State Police (the ’’State Police" or the “Department”).
The Attorney General seeks reconsideration on account of what it submits is the overbreadth of the Court’s August 31st Order and the Order’s impact to disrupt the operation of the State Police and adversely to affect morale. The Attorney General characterizes the situation as “untenable to the State Police and, by extension, the public at large.”
Apparently, the command staff of the State Police have responded to the August 31st Order by entirely freezing any further appointments to lieutenant. The Attorney General now seeks that the August 31st Order be amended to require only that Sergeant Doty be permitted to take the upcoming captain’s examination.
Having reviewed the papers submitted by the parties, I have reconsidered the August 31st Order, but I have chosen to leave it in place. By this decision I reaffirm it.
Briefly stated, the object of the August 31st Order was to formulate — as surgically as possible — a remedy that directly addressed the Department’s unlawful action in displacing Sergeant Doty from her position on the 2001 promotional list while permitting the State Police command staff to make whatever other appointments it deemed necessary in the public interest from the 2005 list. The Order permitted such appointments from the 2005 list provided Doty was also appointed, pending the ultimate outcome of her claim that underlies this action.
On the record before the Court, the conclusion is inescapable that that the disruption which the Attorney General cites as having flowed from the August 31st Order (the indefinite freeze on all State Police lieutenants appointments) is entirely of the Department’s own making. Such decisions are for the executive agency to make once a court ruling is made, but it is difficult to square the course of action chosen with the public interest on the facts of this case.
At this juncture to deny Sergeant Doly the opportunity to function as a lieutenant would necessarily impair her qualifications for promotion to captain and thereafter for discretionary assignments within the rank of captain. As such, the consignment of Sergeant Doty to the rank of sergeant and the limitation of her remedy to the opportunity to take the captain’s exam would aggravate the very harm that the Court has already determined has been done to her by the *264 Department’s unlawful displacement of her from her position on the 2001 promotional list. There is no reason to amend the August 31st Order.
ORDER
Having reconsidered the Court’s August 31, 2005 Order, it is hereby REAFFIRMED.